UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    24 Civ. 00104 (VSB)
CHRISTOPHER PAGAN, on behalf of himself and all
others similarly situated,

                                 Plaintiff,    **DECLARATION OF JON L. NORINSBERG, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT**

   -against-

LUCCELLO, INC. d/b/a ITSHOT.COM,

                               Defendant.
------------------------------------------------------------------X

      **JON L. NORINSBERG, ESQ.**, being duly sworn, hereby deposes and states under penalty of perjury, pursuant to 28 U.S.C. §1746, as follows:

      1.     I am the attorney of record for Plaintiff Christopher Pagan ("Plaintiff") in the above referenced action. Pursuant to this Court's Order, dated March 8, 2024 (Docket No. 19), and in accordance with this Court's Default Judgment Procedures, as outlined in Rule 4.H of this Court's Individual Rules and Practices in Civil Cases, Plaintiff respectfully submits this Declaration in support of Plaintiff's accompanying Order to Show Cause for a Default Judgment against Defendant Luccello, Inc. d/b/a Itshot.com ("Defendant").

      2.     By way of background, Plaintiff brings this action against Defendant, Luccello, Inc. d/b/a Itshot.com, alleging various violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq;* the New York City Human Rights Law, ("NYCHRL"), N.Y.C. Admin. Code § 8-107(4)(a) and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296(2)(a), based on access barriers present on Defendant's website, https://www.itshot.com, which preclude sight-impaired individuals such as Plaintiff from being able to utilize the subject website.

      3.     This action was commenced by filing of the Summons and Complaint on January 5, 2024. Attached hereto as **Exhibit A** is a copy of the Summons and Complaint filed in this action.

4.      On January 23, 2024, Plaintiff served Defendant, Luccello, Inc, d/b/a Itshot.com, via Meridian Investigations & Security, Process Servers. According to the Declarant, Mr. Geoffrey Burke, service was effectuated upon Defendant by "delivering two true copies of the Summons in a civil Action, Class Action Complaint, Exhibits [A-C] and Civil Cover Sheet pursuant to New York State Section 306 BCL together with statutory service fee in the amount of $40.00 to Nancy Dougherty as Business Document Specialist of New York State Department of State, 99 Washington Avenue, 6th Floor, Albany, NY 12210." Attached hereto as **Exhibit B** is the Affidavit of Service by Mr. Burke.

5.      It is undisputed that Defendant received a copy of the Complaint.  This is confirmed by the fact that on February 15, 2024, Mr. Denis Stepansky, the owner of the corporate defendant, sent an email to Plaintiff's counsel, demanding that Plaintiff dismiss his ADA Complaint. Attached hereto as **Exhibit C** is the email sent by Mr. Stepansky on February 15, 2024.

6.      Notwithstanding Defendant's receipt of the Complaint, Defendant has not interposed an answer, nor otherwise moved with respect to the Complaint within the time prescribed by the Federal Rules of Civil Procedure.

7.      On March 5, 2024, pursuant to Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55.1, the Clerk of the Court issued a Certificate of Default (Docket No. 14).  Attached hereto as **Exhibit D** is the Certificate of Default issued by the Clerk's Office.

8.      A default judgment is warranted on both liability and damages. With respect to liability, when a defendant defaults, all well-pled facts alleged in the complaint, except those relating to the amount of damages, must be accepted as true. City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint") (internal quotations marks omitted); Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (district court is "required to

accept all of [the plaintiff's] factual allegations as true and draw all reasonable inferences in its favor"). "This principle applies regardless of whether default is entered as a discovery sanction or for failure to defend." Walpert v. Jaffrey, 127 F. Supp.3d 105, 129 (S.D.N.Y. 2015) (citation omitted).

9. With respect to damages, a federal court has the discretion, but is not required, to hold an evidentiary hearing. See Fed. R. Civ. P. 55(b)(2); Fustok v. Conticommodity Services, Inc., 873 F.2d 38, 40 (2d Cir. 1989). An inquest into damages may be conducted on the papers, without an evidentiary hearing, where there is a sufficient basis on which to make a calculation. See Bricklayers & Allied Craftworkers Local 2, Albany, New York Pension Fund v. Moulton Masonry & Construction, LLC, 779 F.3d 182, 189 (2d Cir. 2015); Tamarin v. Adam Caterers, 13 F.3d 51, 53-54 (2d Cir. 1993); Maldonado v. La Nueva Rampa, Inc., No. 10-CV-8195, 2012 U.S. Dist. LEXIS 67058, 2012 WL 1669341, at *2 (S.D.N.Y. May 14, 2012).

10. Here, there is a sufficient basis for the Court to determine Plaintiff's damages without holding an evidentiary hearing. This is so because Plaintiff's damages are statutory in nature, the costs of the litigation are undisputed, and the fees sought are clearly warranted under the circumstances.

11. At the outset, Plaintiff seeks statutory damages in the amount of $1,000.00 under the New York City Human Rights Law. See Leonid Treyger v. Liberty 99 Cents Paradise Inc., 2022 U.S. Dist. LEXIS 72134, *17 (E.D.N.Y. August 26, 2020) ("Courts in this District and the New York City Human Rights Commission [have] deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damages other than what a decent and reasonable individual would suffer when faced with bad behavior.") (internal citations omitted) (collecting cases); Ross v. Royal Pizza Cafe Corp., 2018 U.S. Dist. LEXIS 130211 (E.D.N.Y. Aug. 1, 2018) (awarding $1,000.00 in compensatory damages in an ADA default judgment case).

12. Apart from compensatory damages, Plaintiff seeks an award of $3,338.75 in costs. This includes the cost for filing the complaint ($405.00), the cost for serving the complaint ($433.75), and the cost of $2,500.00 for retaining an ADA expert, Robert Moody, to analyze Defendant's website. Attached hereto as **Exhibit E** are documents establishing the costs incurred in this action.

13. In addition to costs, Plaintiff's seeks recovery of attorney's fees in the amount of $7,285.00, which consists of $4,140.00 for the work performed by Jon L. Norinsberg, Esq., an attorney with over 30 years of civil litigation experience, $2,870.00 for the worked performed by Mitchell Pomerance, who is our firm's ADA Compliance Chief, and $275.00 for the work performed by Gionalis Beato, who is our firm's Chief Litigation Paralegal. A summary of the work performed in this matter by Mr. Norinsberg, Mr. Pomerance and Ms. Beato, as well as their respective billing rates, is annexed hereto as **Exhibit F**. A summary of Plaintiff's damages in this action, including Plaintiff's statutory award, costs and attorney's fees, is annexed hereto as **Exhibit G.**

**WHEREFORE**, Plaintiff Christopher Pagan respectfully requests that this Court issue an Order granting Plaintiff's application for a Default Judgment against Defendant Luccello, Inc. D/B/A Itshot.Com, and awarding damages to Plaintiff in the amount of $11,623.75, representing the costs and attorney's fees in this action. A proposed Default Judgment Order is annexed hereto as **Exhibit H.**

Dated: New York, New York
       March 15, 2024

Respectfully submitted,

**JON L. NORINSBERG, ESQ., PLLC**

_____
Jon L. Norinsberg, Esq.
*Attorney for Plaintiff*
110 East 59th Street, Suite 2300
New York, New York 10022
Tel. No.: (212) 791-5396
Fax No.: (212) 406-6890
jon@norinsberglaw.com