# Joseph & Norinsberg LLC
## Fighting for Employee Justice

**Queens Office**
69-06 Grand Avenue, 3rd Floor
Maspeth, New York 11378

**Manhattan Office**
110 East 59th Street, Suite 2300
New York, New York 10022

**Newark Office**
One Gateway Center, Suite 2600
Newark, New Jersey 07102

**Philadelphia Office**
1515 Market Street, Suite 1200
Philadelphia, Pennsylvania 19102

**Boston Office**
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

**Orlando Office**
300 N. New York Ave, Suite 832
Winter Park, Florida 32790

**Jon L. Norinsberg, Esq.**
jon@norinsberglaw.com

May 24, 2024

**VIA ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

      Re: **Pagan v. Luccello, Inc., d/b/a ItsHot.com**
         **1:24-Civ. 104 (VSB)**

Dear Judge Broderick:

  We represent Plaintiff Christopher Pagan ("Plaintiff") in the above referenced ADA matter against Defendant, Luccello, Inc., d/b/a ItsHot.com ("Defendant"), (collectively the "Parties"). Together with Defendant's counsel, we submit this joint letter and proposed Case Management Plan, in accordance with this Court's Order issued on March 17, 2024 (Doc. 32).

**(1) A Brief Statement of the Nature of the Action and the Principal Defenses.**

  This is a case brought under the Americans with Disabilities Act ("ADA"). Plaintiff experienced accessibility issues when navigating the Defendant's public website with the use of his screen-reading software and alleges that the website's incompatibility with such aids renders it inaccessible to non-sighted individuals.

  Plaintiff seeks injunctive relief to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq*., and the N.Y.C. Administrative Code § 8-107. Plaintiff further seeks injunctive relief requiring Defendant to take all necessary steps to ensure its Website is in full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by sight-impaired individuals. Plaintiff further seeks class certification, as well as attorney's fees and costs. While Defendant

contends that its Website is fully accessible, our firm's audits of the subject Website reveal that this is not true.

### Plaintiff:

Prior to filing the Complaint, Joseph & Norinsberg, LLC's, through its ADA Compliance Chief Mitchell Pomerance, conducted a series of accessibility audits, utilizing Power Mapper's SortSite program and the Web Accessibility Evaluation Tool ("Wave"). These multiple audits confirmed that the subject Website contained numerous access barriers, as alleged in the Complaint. In addition to our own internal audit, Plaintiff's counsel retained Robert L. Moody, an accessibility expert in information system auditing. Mr. Moody concluded, in relevant part, that the Website contains accessibility issues that "are a barrier to individuals with low to no vision." (Moody Declaration, ¶ 7-9). It is thus clear that, notwithstanding Defendant's claims to the contrary, the subject Website contains multiple and significant access barriers to users who are visually impaired.

### Defendant:

Defendant denies any violations of the ADA and avers that they are in "substantial compliance." Defendant also contests Plaintiff's claim of visiting the website as Plaintiff has filed numerous ADA website lawsuits and should be considered a serial "vexious litigator."

Defendant further contends that Plaintiff lacks standing and anticipates filing a Motion to Dismiss. A plaintiff has standing under the ADA where: (1) he alleges past injury under the ADA; (2) it is reasonable to infer that the discriminatory treatment would continue; and (3) it is reasonable to infer, based on the past frequency of the plaintiff's visits and the proximity of the defendant's public accommodation to the plaintiff's home, that the plaintiff intends to return to the subject location. Calcano v. Swarovski N. Am. Ltd., 36 F.4th 68, 74 (2d Cir. 2022) (quoting Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187–88 (2d Cir. 2013). Defendant contends that Plaintiff does not intend to return to Defendant's website, as Defendant seeks a product that can be purchased from numerous other websites and retailers.

Defendant requires some basic informal discovery as to Plaintiff's claims:

    1. The exact date and time Plaintiff allegedly visited Defendant's website;
    2. Plaintiffs IP Address, from which Plaintiff allegedly visited Defendant's website;
    3. Confirmation documentation that Plaintiff is "legally" blind;
    4. The product that Plaintiff was allegedly seeking to purchase;
    5. Whether Plaintiff purchased the product sought from another website or retailer.
This basic information will facilitate whether Plaintiff has standing, and whether a motion to dismiss is appropriate.

**(2) A Brief Explanation of Why Jurisdiction and Venue Lies in this Court**

**Plaintiff:** This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12182, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12182, *et seq*.
This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Plaintiff's claims under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*, ("NYCHRL").

Defendant is a New York corporation with its principal offices located at 48 West 48th Street, Suite 302, New York, New York 10036. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because Defendant conducts and continues to conduct a substantial and significant amount of business in this District, by purposefully targeting and otherwise soliciting business from New York State residents via their "highly interactive Website," https://www.itshot.com and Plaintiff, who resides in Bronx County, attempted to unsuccessfully utilize, on a number of occasions, the subject Website within his residence, located within this Judicial District.

**Defendant**: Defendant reserves the right to contest jurisdiction as Defendant asserts that Plaintiff lacks standing as provided above.

**(3) A Brief Description of all Contemplated and/or Outstanding Motions**

**Plaintiff:** There are no contemplated and/or outstanding motions.

**Defendant:**  anticipates filing a Motion to Dismiss based on Plaintiff's lack of standing.

**(4) A Brief Description of any Discovery that has Taken Place, and/or That which Will Be Necessary for the Parties to Engage in Meaningful Discovery**

There has been no formal exchange of discovery to date. However, Plaintiff proposes a meet and confer take place, at which point the parties may exchange any pertinent information relating to the accessibility of the website, https://www.itshot.com, including but not limited to Accessibility Audits (both pre-filing and post-filing), and the exchange of any Affidavits from those personnel employed by Luccello, Inc., who possesses personal knowledge of the website, https://www.itshot.com.

Defendant seeks the basic initial discovery identified above to facilitate early settlement discussions.

**(5) A Brief Description of Prior Settlement Discussions and the Prospect of Settlement**

The Parties have not yet conducted discussions regarding the potential resolution of this dispute. However, the Parties remain open to the possibility of engaging such settlement discussions.

The Parties jointly request a referral to the court's Mediation program.

The Parties estimate that a trial would take approximately 2 days in total.

We thank the Court for its time and attention in this matter.

Sincerely,

Jon L Norinsberg, Esq.
*Attorney for Plaintiff*
110 East 59th Street, Suite 2300
New York, New York 10022
Tel. No.: (212) 227-5700
Fax No.: (212) 406-6890
jon@norinsberglaw.com

c.c. Michael K. Chong, Esq.
    MKC Law Group
    *Attorneys for Defendant*